IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT McNEAL, )
)
        Plaintiff, )
)
vs. ) Case No. 11-0814-CV-W-ODS
)
KAPHIUM A. BRISCOE, )
)
        Defendant. )

## ORDER OF JUDGMENT

      Plaintiff filed a complaint alleging Defendant violated his right to make and enforce a contract under 42 U.S.C. § 1981 by refusing to perform an agreement to fix Plaintiff's truck because of Plaintiff's race. The Court found Defendant to be in default by Order dated January 31, 2012 (Doc. 13), and Defendant is thus deemed to have admitted all the well-pleaded allegations in Plaintiff's complaint.

      Plaintiff appeared at a hearing held March 7, 2012, and supplemented the allegations in his complaint. Based on Plaintiff's complaint and his statements during the hearing, the Court finds Plaintiff has established a prima facie case of discrimination under § 1981. *See Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 962 n.3 (8th Cir. 2011) (stating elements of prima facie case); *Williams v. Lindenwood University*, 288 F.3d 349, 355 (8th Cir. 2002) ("Because plaintiff's discrimination claim is 'based on inferences to be drawn from circumstantial evidence, it is governed by the familiar burden-shifting analysis'" (citation omitted)).

      Plaintiff's prima facie case raises a presumption Defendant discriminated against him because of his race. Because Defendant has failed to answer or otherwise defend himself in this case, he has not rebutted this presumption of discrimination by offering a legitimate, nondiscriminatory reason for his failure to perform his contract with Plaintiff. As a result, Defendant is determined to be liable to Plaintiff for discrimination under § 1981. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981) ("If

the trier of fact believes the plaintiff's evidence [put forth for his or her prima facie case], and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case" (footnote omitted)).

With liability established, the Court must determine an appropriate remedy. Relief under § 1981 includes compensatory and punitive damages. *See Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975). In his complaint, Plaintiff seeks $25,000.00 in compensatory damages and $10,000.00 in punitive damages; however, he failed to establish at the hearing that he was legally entitled to these amounts. Plaintiff established that—because of Defendant's conduct—he lost the value of his truck, which he estimated was worth $1,500.00 when he delivered it to Defendant so the repairs could be made. Plaintiff was able to recoup $150.00 of his loss by later selling the truck to a salvage company for that amount. Thus, the Court awards Plaintiff compensatory damages in the amount of $1,350.00. In addition, the Court concludes Plaintiff is entitled to an award punitive damages in the amount of $4,050.00. Judgment is entered in favor of Plaintiff and against Defendant in the total amount of $5,400.00.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 8, 2012
UNITED STATES DISTRICT COURT